IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL LOCKE, <br><br> Plaintiff, <br><br> v. <br><br> CHICAGO FAMILY HEALTH CENTER, <br><br> Defendant. | Case No. 23-cv-04650 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Crystal Locke filed this lawsuit against her former employer, Defendant Chicago Family Health Center ("CFHC"), bringing claims related to CFHC's denial of Locke's request for a religious accommodation to CFHC's mandatory COVID-19 vaccination policy. CFHC has moved to dismiss Count III of Locke's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, CFHC's Motion to Dismiss Count III [22] is granted.

**I. Background**

The following factual allegations taken from the operative complaint [11] ("Compl.") are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

In February 2021, CFHC hired Locke to serve as Director of Care Management at CFHC's Chicago, Illinois location. Compl. at ¶¶ 3, 5. During Locke's employment, CFHC notified Locke that CFHC would be requiring all employees to be fully vaccinated against COVID-19. *Id.* at ¶ 7. Locke is a Christian and holds a sincere

1

religious belief that "receiving the Covid-19 vaccine would be sin." *Id.* at ¶¶ 8-9. Locke requested a religious exemption to CFHC's COVID-19 vaccination requirement, which CFHC initially approved. *Id.* at ¶¶ 9-10.

In March 2022, CFHC changed course and denied Locke's request for a religious exemption from the COVID-19 vaccination requirement. *Id.* at ¶ 12. Locke subsequently filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on August 4, 2022. *Id.* at ¶ 15. The EEOC provided Locke with a Notice of Right to Sue, which Locke received on or after April 19, 2023 (7-10 days after its postmark date of April 14, 2023). *Id.* at ¶¶ 2, 15. Locke subsequently filed this lawsuit on July 18, 2023.

Locke alleges that CFHC's denial of her request for a religious exemption from COVID-19 vaccination violates Title VII of the Civil Rights Act of 1964 (Counts I and II) and violates the Illinois Health Care Right of Conscience Act (Count III). *Id.* at ¶¶ 16-33.

**II.    Standard**

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain

a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181.

However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

### III. Analysis

CFHC moves to dismiss Count III [22] of the Amended Complaint [11], which alleges that CFHC violated the Illinois Health Care Right of Conscience Act ("IHCRCA"). CFHC argues that Count III should be dismissed because the IHCRCA does not apply to COVID-19 mitigation measures.

3

Section 13.5 of the IHCRCA provides that "[i]t is not a violation of this Act for any . . . employer, to take any measures or impose any requirements . . . intended to prevent contraction or transmission of COVID-19." 745 Ill. Comp. Stat. Ann. 70/13.5. Section 13.5 also states that it "is a declaration of existing law and shall not be construed as a new enactment." *Id.* Locke argues that Section 13.5 of the IHCRCA violates the First Amendment of the United States Constitution. Compl. at ¶ 31. However, Locke fails to make any argument regarding whether Section 13.5 was merely a "declaration of existing law" which did not change anything about the IHCRCA. If Section 13.5 merely clarified, and did not change, the IHCRCA, Locke does not have standing to challenge Section 13.5. *See Boone v. Illinois Dep't of Corr.*, 71 F.4th 622, 626 (7th Cir. 2023) ("If [Section 13.5] truly did not effect a change in the law, no harm can flow from it, and no harm can be remedied by striking it down.").

To determine whether Section 13.5 is merely a clarification of the IHCRCA which did not change the statute, the Court must attempt to ascertain how the highest Illinois state court would rule on the issue. *See Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002). If the state's highest court has not ruled on the issue, the Court "give[s] great weight to the holdings of the state's intermediate appellate courts." *Id.* The Court should not disregard the intermediate appellate state courts unless the Court is "convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).

4

Illinois intermediate appellate courts have held that Section 13.5 is a declaration of existing law and bars IHCRCA claims based on COVID-19 prevention measures. *See Glass v. Dept. of Corrections*, 203 N.E.3d 986, 993 (Ill. App. 4th Dist. 2022), *reh'g denied* (Apr. 27, 2022) (finding ambiguity in the IHCRCA, and holding that Section 13.5 is an "interpretive aid" for the ambiguous sections); *Krewionek v. McKnight*, 217 N.E.3d 424, 434 (Ill. App. 2d Dist. 2022), *reh'g denied* (Dec. 14, 2022), *appeal denied*, 210 N.E.3d 774 (Ill. 2023) (holding that Section 13.5 bars claim that employer's COVID-19 vaccination requirement violated IHCRCA); *Lenz v. Advoc. Health and Hosps. Corp.*, 2023 IL App (1st) 230740, ¶ 19, *appeal denied,* 232 N.E.3d 20 (Ill. 2024) (same).

The Court is not aware of any persuasive data or other reason that would cause it to believe that the Illinois Supreme Court would rule differently than the Illinois intermediate appellate courts. *See Carrero v. City of Chicago*, No. 23-CV-00650, 2024 WL 22099, at *6-7 (N.D. Ill. Jan. 2, 2024); *Snyder v. Chicago Transit Auth.*, No. 22 CV 6086, 2023 WL 7298943, at *9 (N.D. Ill. Nov. 6, 2023). Therefore, the Court holds that Section 13.5 is a declaration of existing law and bars Locke's claim under the IHCRCA. Accordingly, the Court does not address Locke's constitutional challenge because Locke does not have standing to challenge Section 13.5.

### IV.   Conclusion

For the stated reasons, Defendant's Motion to Dismiss Count III [22] is granted.

5

E N T E R:

Dated: September 16, 2024

_____
MARY M. ROWLAND
United States District Judge